ANTHONY D. JOHNSTON, ESQ., SBN 244282
FORES ■ MACKO
A Professional Law Corporation
1600 "G" Street, Suite 103
Modesto, CA 95354
(209) 527-9899
(209) 527-2889 (Facsimile)

Attorney for Chapter 7 Trustee
Michael D. McGranahan

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | Case No. 14-91441 |
| Gary R. Roberts and Jean M. Roberts, | D.C. No. ADJ-2 |
| Debtors. | Hearing<br>Date:  March 5, 2015<br>Time:  10:30 a.m.<br>Place: 1200 I Street, Suite 4<br>            Modesto, California |

**TRUSTEE'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY**

Michael D. McGranahan, (the "*Trustee*"), in his capacity as Chapter 7 Trustee for the bankruptcy estate of Gary R. Roberts and Jean M. Roberts, brings this motion to sell real property which is property of the bankruptcy estate, commonly known as 2213 McAllister Lane, Riverbank, California, 95367, bearing APN. 075-040-002, pursuant to 11 United States Code § 363 (b)(1) and Federal Rule of Bankruptcy Procedure 6004 (a), and pursuant to the notice requirements of Local Rule 9014-1(f)(2), and respectfully represents:

1.  On October 24, 2014, the Debtors filed a voluntary petition in this Court under Chapter 7 of Title 11, United States Code.  The Trustee was appointed trustee in this case on October 27, 2014.

2.  This motion seeks authority to sell property of the estate out of the ordinary course of business pursuant to 11 U.S.C. § 363 (b)(1), to pay a 6% commission to the brokers,

PMZ Real Estate ("**PMZ**"), which represents the seller, and Berkshire Hathway, Drysdale Properties ("**Berkshire**"), which represents the buyer, and to pay or otherwise resolve claims which are secured by the property being sold.

3.  As of the petition date, the Debtors owned residential real property commonly known as 2213 McAllister Lane, Riverbank, California, 95367, bearing APN 075-040-002 (the "**Property**"). The Property is subject to a secured claim in favor of Nationstar Mortgage LLC in the approximate amount of $206,000.00. In order to find a qualified buyer for the Property, the Trustee retained PMZ and agreed to pay a commission equal to 6% of the gross sale price. On December 3, 2014, the Hon. Ronald H. Sargis, U.S. Bankruptcy Court Judge, executed that certain order authorizing the Trustee to employ PMZ as real estate agent for the sale of the Property.

4.  The Trustee has entered into an agreement, subject to this Court's approval and over-bidding, with Vincent Suarez and Kirsten Suarez (the "**Buyers**"), completely unrelated third parties, for the sale and purchase of the Property for a price of $260,000.00. The purchase price will be paid as follows:

   (a)  $2,600.00 down payment, which will be applied to the purchase price at close of escrow;

   (b)  The amount of $250,900.00 to be paid by Buyers through FHA loan at close of escrow (the Purchase Agreement is subject to this loan contingency); and

   (c).  The remaining balance of $6,500.00 to be paid by buyers in cash at close of escrow.

5.  A copy of the 'Residential Purchase Agreement and Joint Escrow Instructions,' (the "Purchase Agreement") along with all addendums is filed as EXHIBIT "A" in support of this motion. Buyers have removed all contingencies. If a higher bidder is successful at the hearing on the motion, the successful bidder will be responsible for preparing any purchase agreement, on the terms set forth in Paragraph 9, below.

6.  The Trustee also seeks authority to pay each of PMZ and Berkshire a commission equal to 3% of the gross sale price if the Buyers purchase the Property.

7. Authority for this motion to sell an asset of the estate is found in 11 U.S.C. § 363(b)(1): "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . " Selling real property of this bankruptcy estate is not a transaction in the ordinary course of business.

8. Notice of the proposed sale of the Property shall be made pursuant to Federal Rule of Bankruptcy Procedure 6004(a). Notice is not required under subsection 7A of the Clayton Act; thus, the notice of provisions of 11 U.S.C. § 363(b)(2) do not apply. Notice of the proposed sale of the Property shall also be made pursuant to Local Rule 9014-1(f)(2).

9. If any prospective bidder wishes to make a higher offer in the form of a bid for the Property, the Trustee respectfully requests the following requirements: At least seven days prior to the hearing date on this motion, a prospective bidder must (1) contact the Trustee; (2) provide the Trustee a cashier's check, drawn on a California bank in an amount equal to or greater than $2,600.00 (Buyer's deposit equals $2,600.00 and (3) sign a contract which is identical to the Purchase Agreement between the Trustee and Tudor, except for the purchase price, which will be determined through bidding at the hearing on this motion. The Trustee recommends minimum overbids of $5,000.00, the first overbid being in the minimum amount of $265,000.00. If the Buyers are out bid and a third party purchases the Property, then the Buyers shall have any and all deposits returned.

10. The Trustee respectfully requests the court to waive the 14 day stay provision of Federal Rule of Bankruptcy Procedure 6004(h) so as to allow the sale of the Property immediately upon entry of an order. The Property is encumbered by a deed of trust in the amount of approximately $206,000.00, in favor of Nationstar Mortgage, LLC. The bankruptcy estate will incur 14 days of interest on said debt, to no benefit to the bankruptcy estate.

11. Based upon the purchase price, the Trustee's certified public accountant, Maria Stokman, has determined that there will be no capital gain tax on the sale of the Property.

WHEREFORE, Michael D. McGranahan, acting in his capacity as trustee, respectfully prays for an order of this Court:

1. Authorizing the sale of real property commonly known as 2213 McAllister Lane,

Riverbank, California, 95367, bearing APN 075-040-002, to Vincent Suarez and Kirsten Suarez, for the purchase price of $260,000.00 on the terms outlined in the Purchase Agreement filed concurrently herewith as EXHIBIT "A," assuming there is no better offer presented at the hearing on this motion; or

    2.    Authorizing the sale of the Property to any party which presents a better offer at the hearing on this motion, in accordance with the terms of Paragraph 9 of this motion;

    3.    Authorizing, if Vincent Suarez and Kirsten Suarez are out bid and a third party purchases the Property, the return to Vincent Suarez and Kirsten Suarez of any and all deposits;

    4.    Authorizing the payment of claims secured by the Property or the transfer of such claims to the proceeds with the consent of the secured claimant;

    5.    Authorizing the payment of expenses of sale;

    6.    Authorizing the payment of a commission equal to 3% of the gross sale price to each of PMZ Real Estate and Berkshire provided Vincent Suarez and Kirsten Suarez purchase the Property;

    7.    Authorizing the Trustee to complete the transaction, including the right to obtain a payoff directly from the lender, or to assign this right to the title company handling the escrow;

    8.    Authorizing the Trustee to execute all documents which are necessary or convenient to complete the transaction;

    9.    Waiving the 14 day stay provision of Federal Rule of Bankruptcy Procedure 6004(h) so as to allow the sale of the Property immediately upon entry of an order; and

    10.    That provides such further and other relief as deemed appropriate by the Court.

Dated: February 12, 2015                FORES ■ MACKO
A Professional Law Corporation

By: _____
Anthony D. Johnston,
Attorney for Chapter 7 Trustee,
Michael D. McGranahan